IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60133
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DEWEY TALBERT WHITFIELD,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:90-CR-84-D
- - - - - - - - - -
October 19, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

     Dewey Talbert Whitfield appeals his sentence following the
revocation of his supervised release.

     He argues the following:  1) the court's sentence was an
unwarranted departure under the guidelines because his case falls
within the heartland of cases contemplated by the guidelines;
2) the length of the sentence was unreasonable; 3) the court
erred by considering his conduct which occurred after the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

original sentence from conviction;[**] and 4) the court's sua sponte upward departure violated his right to notice of the departure, pursuant to Fed. R. Crim. P. 32.  The relevant guidelines are only advisory; they do not control the district court's imposition of sentence subsequent to revocation of supervised release.  See United States v. Mathena, 23 F.3d 87, 91-93 (5th Cir. 1994).  Rule 32(c) notice is not applicable.  See id. at 93 n.13; United States v. Marvin, 135 F.3d 1129, 1141-43 (7th Cir. 1998).  Our review of the record reveals that the court's sentence was not plainly unreasonable.  See Mathena, 23 F.3d at 93-94.

AFFIRMED.

---

[**]  This argument relies upon authority applicable to a sentence, after revocation of probation, imposed pursuant to 18 U.S.C. § 3565, which since has been amended.  See United States v. Pena, 125 F.3d 285, 287 (5th Cir. 1997), cert. denied, 118 S. Ct. 1527 (1998).  Whitfield was sentenced pursuant to 18 U.S.C. § 3583.